IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISRAEL HERNANDEZ<br>    3710 Bunker Hill RD Apt. # 1<br>    Brentwood, MD 20722<br><br>        Plaintiff,<br><br>        v.<br><br>CASEY B. STRINGER<br>    1050 17th Street., N.W. STE 440<br>    Washington, D.C. 20036<br><br>BROUGHTON CONSTRUCTION<br>COMPANY, LLC<br>    Serve: Casey Stringer<br>    1050 17th Street., N.W. STE 440<br>    Washington, D.C. 20036<br><br>        Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff, Israel Hernandez ("Plaintiff"), by and through his undersigned counsel, hereby submits this Complaint against Defendants, Casey B. Stringer and Broughton Construction Company, LLC ("Defendants"), for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the Washington D.C. Minimum Wage Act, D.C. Code § 32-1001 *et. seq.* (hereinafter "DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA").

**PARTIES, JURISDICTION, AND TOLLING AGREEMENT**

1. Plaintiff is over twenty-one years of age and a resident of the Maryland.

2. Casey B. Stringer is over twenty-one years of age and, upon information and a resident of the District of Columbia.

3. Broughton Construction Company, LLC (hereinafter "Broughton") is a corporation formed under the laws of the District of Columbia with its principal office in the District of Columbia.

4. At all times relevant to this action - April 7, 2011 through February 27, 2014 – Broughton continuously operated in the District of Columbia.

5. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

6. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

7. At all times relevant, Defendants employed two or employees who handled goods that had previously moved through commerce.

8. At all times relevant, Defendants had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

11. Counsel for Plaintiff discussed settlement of this matter with counsel for Defendants. On April 23, 2014, Defendants, through counsel, agreed to toll the statute of limitations from April 7, 2014. (Tolling Agreement, April 23, 2014, attached as Ex. A.)

## FACTS

12. Broughton is a general contracting firm, specializing in public work.

13. At all times relevant to this matter, Casey B. Stringer was the manager and owner of Broughton.

   a. At all times during the period of Plaintiff's employment, Casey B. Stringer had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

   b. At all times during the period of Plaintiff's employment, Casey B. Stringer supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

   c. At all times during the period of Plaintiff's employment, Casey B. Stringer set and controlled the work schedule of Plaintiff or had the power to set and control Plaintiff's work schedule.

   d. At all times during the period of Plaintiff's employment, Casey B. Stringer set and determined the rate and method of pay of Plaintiff or had the power to set and determine the rate and method of Plaintiff's pay.

   e. At all times during the period of Plaintiff's employment, Casey B. Stringer controlled, and was in charge of, the day-to-day operations of Broughton.

14. Israel Hernandez worked for Defendants from roughly February 1, 2010 to February 27, 2014.

15. Mr. Hernandez worked for Defendants doing carpentry. His duties included, among other things, laying flooring molding, painting, etc.

16. While working for Defendants, Mr. Hernandez worked on contracts for the D.C. Public Schools and the D.C. Recreation Center. The prevailing wage for work performed under these contract was generally between $30.00 and $32.00 per hour.

17. When Plaintiff initially began working for Defendants, Defendants paid Plaintiff roughly $730.77 per week. From roughly June 2011 until June 2013, Defendants paid Plaintiff roughly $789.00 per week. In July 2013, Defendants paid Plaintiff $840.00 per week. From August 2013 until the end of Plaintiff's employment, Defendants paid Plaintiff $900.00 per week.

18. During the time Israel Hernandez worked for Defendants, he typically and customarily worked, on average, about forty-eight (48) hours per week.

   a. During this time, Defendants had knowledge that Mr. Hernandez worked, on average, about forty-eight (48) hours per week or suffered or permitted him to work forty-eight (48) hours per week.

   b. At all times throughout the course of Mr. Hernandez's employment, Defendants paid Plaintiff a salary, regardless of the number of hours Plaintiff worked each week. At no time during Mr. Hernandez's employment did Defendants pay him at the rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40).

19. At no time did Plaintiff perform work that meets the definition of exempt work under the FLSA or the DCMWA.

20. Defendants' failure to pay Plaintiff overtime, as required by the FLSA and the DCMWA, was willful, intentional, and not in good faith.

21. Defendants knew that they had an obligation to pay Plaintiffs time and a half his hourly rate for the hours he worked over forty and knew that they had to pay Plaintiff his contractual rate of roughly $30.00. This is evidenced by the fact that Defendants were paying similarly situated employees time and a half their hourly rate for the hours they worked over

forty. They were also paying similarly situated employees their contractual rate. However, in an effort to save money, Defendants placed Plaintiff on a salary, without paying overtime, which provided Plaintiff far less than his contractual rate.

### CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

22. Plaintiff realleges and reasserts each and every allegation set forth in the paragraphs above, as if each were set forth herein.

23. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

24. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1).

25. Defendants were the "employers" of Plaintiff under the FLSA, 29 U.S.C. § 207(a)(2).

26. Defendants were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

27. As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours.

28. As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

29. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Washington, D.C. Minimum Wage Act
### (Overtime)

30. Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

31. At all times relevant to this Complaint, Defendants violated the Overtime Provisions of the District of Columbia Minimum Wage Act by failing to pay Plaintiff the time and a half for all hours Plaintiff worked over forty (40) that he worked in a particular workweek.

32. Defendants were, at all times relevant to this complaint, "employers" of Plaintiff within the meaning of the DCMWA.

33. Plaintiff worked over 40 hours per week, virtually every week, during the time Plaintiff worked for Defendants.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

34.   Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

35.   Plaintiff was an "employee," and each of the Defendants were Plaintiff's "employers" within the meaning of the DCWPA.

36.   Under the DCWPA, Defendants, as Plaintiff's employers, were obligated to properly pay Plaintiff all wages for work that Plaintiff performed.

37.   "Wages" pursuant to DCWPA (DC Code § 32–1301(3))[1], "includes a . . . (E) Other remuneration promised or owed . . . [or wages] (iii) Pursuant to District or federal law."[2] Furthermore, "the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law." DC Code § 32–1305 (b).

38.   Defendants failed to pay Plaintiff at least the amount required by law, including the payment of prevailing wages by District law. Defendants improperly paid Plaintiff a salary. The hourly rate of this salary was far less than Defendants were contractually obligated to pay Plaintiff.

39.   Defendants owe Plaintiff back wages equal to the difference between the rate Defendants paid Plaintiff for hours worked and the contractually guaranteed and federally required rates Plaintiff was promised, guaranteed, and agreed to under the DCWPA.

40.   Defendants' failure and refusal to pay Plaintiff all wages promised, guaranteed, and agreed to at or before the end of Plaintiff's employment with Defendants as required by the

---

[1] The DCWPA definition of wages as set forth herein was clarified by the Fiscal Year 2014 Budget Support Act of 2013; Subtitle G entitled "Wage Theft Prevention."

DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such amounts to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Amster Law Firm, LLC
200-A Monroe Street, Suite 305
Rockville, MD 20850
Telephone: 240-428-1053
Fax: 301-424-8732
mamster@amsterfirm.com